IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD E. ALONZO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-7319** |
| | : | |
| **SVETLANA ROBAR,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                          **JUNE 9, 2026**

Plaintiff Ronald E. Alonzo, a convicted prisoner currently incarcerated at SCI Chester, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from events that occurred at that facility.  Currently before the Court are Alonzo's Amended Complaint ("AC" (ECF No. 10)), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 7), and his Prisoner Trust Fund Account Statement (ECF No. 8).[1]  In his AC, Alonzo asserts claims against SCI Chester employees Head Librarian Svetlana Robar, Deputy for Facilities Management and Centralized Services Keith Miller, and School Principal Khaled Ashraf.  (AC at 2.)  For the following reasons, the Court will grant Alonzo leave to proceed *in forma pauperis*, dismiss his claims based on Miller's handling of his grievance with prejudice, and dismiss the remainder of his AC without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Alonzo will be granted leave to file a second amended complaint.

---

[1] Also pending are Alonzo's Motion for Abeyance (ECF No. 9), which seeks a stay of these proceedings to permit Alonzo to exhaust his administrative remedies, and his second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 11).  In light of the Court's disposition of Alonzo's AC, both motions will be denied as moot.

## I.  FACTUAL ALLEGATIONS[2]

The gravamen of Alonzo's claim is that in late December 2025 and early January 2026, Robar reduced the hours that the SCI Chester Law Library would be open, in violation of his First Amendment rights.  (AC at 2.)  He alleges that in December 2025, she provided a calendar reflecting that the Law Library would be closed on December 21, 22, 24, 25, 27–29, and 31, and on January 1–4.  (*Id.*; *see also* Exhibits A and B, *id.* at 8, 10.)  When Alonzo objected to the extensive closures, Robar noted that the Law Library would be open for limited hours on December 23, 26, and 30, and January 5–8.  (AC at 3 and Exhibits A and B.)  Alonzo alleges that he visited the Law Library on December 23, and 30, and January 6 and 8, and these visits are reflected in passes attached as Exhibits to his AC.  (AC at 3; *see also* Exhibits F-I, *id.* at 21–28.)  Defendant Ashraf greeted him at each visit, and the Court infers that Ashraf was in charge of the Law Library during this period.  (*Id.* at 3.)

Alonzo filed a grievance challenging the extensive closure of the Law Library.  (*Id.*)  Miller denied the grievance, noting that the Law Library was operated in accordance with Department of Corrections policy.  (*Id.*; *see also* Exhibit E, *id.* at 19.)  Alonzo alleges that he appealed the initial denial of his grievance to the Facilities Manager, and when the denial was upheld, he appealed that decision to the Office of Inmate Grievances, which also upheld the decision.  (*Id.* at 4.)  Alonzo

---

[2] Unless otherwise noted, the factual allegations set forth in this Memorandum are taken from Alonzo's AC (ECF No. 10).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Alonzo's pleading will be corrected for clarity.

asserts a First Amendment access to courts claim. (*Id*. at 2.)  He requests injunctive relief.[3]   (*Id*. at 4.)

## II.    STANDARD OF REVIEW

Alonzo will be granted leave to proceed *in forma pauperis* because it appears that he does not have the funds necessary to commence this civil action.[4]   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Alonzo is proceeding *pro se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d

---

[3] Alonzo seeks an injunction requiring SCI Chester to keep its law library open seven days per week. (AC at 4.)  In light of the Court's disposition of his claims, this request for injunctive relief will be denied.

[4] Because Alonzo is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

239, 244–45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.  DISCUSSION

Alonzo asserts claims based on alleged violations of his constitutional rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983

suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A.      Access to Courts Claim

Alonzo alleges that during a two-week period in late December 2025 and early January 2026, his access to the Law Library at SCI Chester was limited due to holiday-related closure of that facility implemented by Robar.  (AC at 2.)  He alleges that during this time, he visited the Law Library during available hours, and that it was staffed by Ashraf during these visits.  (*Id*. at 3.)  He asserts a First Amendment access to courts claim and the Court understands the claim to be asserted against Robar.  (*Id*.)  This claim is not plausible and will be dismissed.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts."  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  "However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement."  *Id.*; *Shane v. Fauver*, 209 F. App'x 87, 89 (3d Cir. 2006) (*per curiam*) ("[T]he actual injury requirement is not met by every type of frustrated legal claim; constitutional protections are applied only to a prisoner's direct or collateral attack on his or her sentence, or challenges to prison conditions"); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996) (the inability to litigate claims other than an attack on a sentence or conditions of confinements "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration").

"A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury."  *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis*, 518 U.S. at 350).  This is because the right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot

have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher*, 536 U.S. at 415. "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*.

Alonzo does not allege that the somewhat limited access to the Law Library during the two-week holiday period caused an actual injury, that is, that a nonfrivolous claim was lost in pending litigation traceable to the lack of access. Accordingly, this claim is not plausible and will be dismissed. He will be granted leave to amend this claim if he can allege additional facts in accordance with the foregoing.

### B.    Claims Against Miller

Alonzo alleges that Miller, in his capacity as Deputy for Facilities Management and Centralized Services, denied his grievance based on limited access to the Law Library. (AC at 3, see also Exhibit E, id. At 19.) There are no other factual allegations in the AC describing conduct engaged in by Miller. Therefore, construing Alonzo's allegations liberally, the Court understands Alonzo to be asserting a claim against Miller based on his handling of the grievance. However, claims based on the handling of prison grievances fail because "prisoners do not have a constitutional right to prison grievance procedures." *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per curiam*) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*)). Accordingly, allegations such as those

raised here predicated on failures of the grievance process or improper handling of or response to grievances do not give rise to a constitutional claim.  *See Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("We agree with the District Court that because a prisoner has no free-standing constitutional right to an effective grievance process, Woods cannot maintain a constitutional claim against Lucas based upon his perception that she ignored and/or failed to properly investigate his grievances." (internal citation omitted)); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (*per curiam*) (explaining that "[i]nmates do not have a constitutionally protected right to the prison grievance process" and that "a state grievance procedure does not confer any substantive constitutional right upon prison inmates" (internal quotations and citations omitted)).

C.     **Claims Against Ashraf**

Alonzo alleges that Ashraf was present at the Law Library during his visits in December 2025 and January 2026.  (AC at 3.)  Other than this, Ashraf is not alleged to have participated in the events giving rise to Alonzo's claims.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original)); *Dooley*, 957 F.3d at 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances

7

surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6).  Because Alonzo has not alleged any facts suggesting that Ashraf was personally involved in the alleged violation of his constitutional rights, he has not stated a plausible claim against him.  Alonzo's claims against Ashraf will, accordingly, be dismissed.  Alonzo will be granted leave to amend these claims in accordance with the foregoing.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Alonzo leave to proceed *in forma pauperis*, dismiss his claims based on Miller's handling of his grievance with prejudice, and dismiss the remainder of his AC without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Alonzo will be granted leave to file a second amended complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

BY THE COURT:

/s/ Chad F. Kenney

CHAD F. KENNEY, J.
